IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

07/16/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

| | |
|---|---|
| Haneif Emmanuel Brown, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Eddy Phanor | ) Civil Action No. 5:24-cv-00049 |
| | ) |
| and | ) |
| | ) |
| Deville Transport LLC, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Haneif Brown, proceeding *pro se*, brought this action seeking damages against Defendants Eddy Phanor and Deville Transport, LLC for injuries sustained in a motor vehicle accident.  This matter is before the court on Defendants' motion for summary judgment, (Dkt. 70), United States Magistrate Judge Joel C. Hoppe's Report and Recommendation[1] ("R&R") concerning that motion, (Dkt. 78), and Defendants' objections to the R&R, (Dkt. 80).  On May 5, 2026, Judge Hoppe entered an R&R recommending that the court deny Defendants' motion for summary judgment.  On May 19, Defendants filed timely objections to the R&R, and Brown filed a brief in response to the objections.  For the following reasons, the court will overrule Defendants' objections and adopt Judge Hoppe's R&R in its entirety.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Hoppe for a recommended disposition.

## I.    Background

### A.  Factual History

The following facts are taken from the summary judgment record and, unless otherwise stated, are undisputed.  On June 28, 2022, Brown was driving on I-81 South in Rockingham County, Virginia.  (Pl.'s Interrogatory at 5-6 (Dkt. 71-3).)  Between 9 and 10 p.m., Brown pulled off at a rest stop near mile marker 262.2.  (Pl.'s Interrogatory at 6.)  The rest stop is open to all vehicles 24 hours a day, 365 days a year.  (*See* Defs.' Br. at 3 (Dkt. 71); Dkt. 62 at 2.)  Brown parked in a spot within the designated "Cars Only" parking lot.  (*See* Police Report at 4 (Dkt. 71-2).)  The parking spot did not have a posted time limit.  (Pl.'s Resp. at 2 (Dkt. 73).)  Once parked, Brown took his pain management medication, removed his pants, and moved into the backseat of the vehicle "before going to sleep."  (Pl.'s Interrogatory at 6.)

Around 1:30 a.m. on June 29, 2022, Phanor drove his "18-wheeler" tractor trailer into the Cars Only parking lot of the same rest stop.  (Police Report at 4–5; Am. Compl. at 1 (Dkt. 71-1).)  According to the Virginia State Police Crash Report from that night, a "Slow or Warning Sign" was visible; it was dark outside, but the road was "lighted"; conditions were clear and dry; and Phanor's view was unobscured.  (*Id.* at 2–3.)  After entering the parking lot, Phanor's tractor trailer struck Brown's parked car from behind, "scar[ing] [Brown] from [his] slumber."  (Am. Compl. at 1; Pl.'s Interrogatory at 6.)  The impact caused Brown to "fall[] to the floorboard on [the] left side of [his] body, hitting [the] left side of [his] head, shoulder, and entire left side."  (Pl.'s Interrogatory at 6.)

Brown called 911.  (*Id.*)  A Virginia State Police officer responded to the scene, spoke to both parties, and completed a written crash report.  (Am. Compl. at 1; *see* Police Report at 1–5.)  The officer issued Phanor a citation and summons for failure to "obey lawfully erected traffic control devices."  (Police Report at 1 (citing Va. Code § 46.2-830).)  The crash report noted that Brown took "no improper action" before the crash.  (Police Report at 2.)

### B.  Procedural History

Brown brought this action on June 28, 2024, to recover for personal injuries arising from the accident.  (Dkt. 1.)  Brown alleges that he suffered a concussion and injuries to his neck, shoulder, back, and leg.  (Am. Compl. at 1–3.)  He asserts a claim against Phanor for negligence and names Phanor's employer, Deville Transportation, LLC ("Deville"), as another defendant.[2]  (*Id.* at 1.)

On August 19, 2024, Brown filed his amended complaint.  (Dkt. 18.)  Defendants answered the amended complaint on September 9, 2024, admitting that "a vehicle operated by Defendant Phanor struck a vehicle occupied by Plaintiff," but denying any liability.  (Dkt. 23 ¶ 1, 4.)

On November 5, 2025, Defendants moved to amend their answer and assert "an illegality defense" based on information learned in discovery.  (Dkt. 59; Dkt. 60 at 2.)  Defendants had asked Brown in their interrogatories "how long he was sleeping [in his car] at the rest stop where the collision occurred."  (Dkt. 60 at 2.)  Brown "responded under oath"

---

[2] The complaint originally named Arbella Protection Insurance Company ("Arbella"), the company that provided the insurance policy for Phanor's tractor trailer as a Defendant.  (*See* Dkt. 1.)  The Court granted Arbella's motion to dismiss them from the action on September 18, 2025.  (Dkt. 50.)

that he "stopped at the rest stop between 9:00 p.m. and 10:00 p.m. . . . and he was awakened at 1:30 a.m. when Defendants' vehicle collided with his car."  (*Id.*)

Defendants filed their amended answer on December 5, 2025, (Dkt. 66), and one week later, moved for summary judgment on their asserted illegality defense based on Brown illegally parking at the rest stop overnight, (*Id.* at 2 ¶ 2; Dkts. 70, 71).  Judge Hoppe issued his R&R on May 5, 2026, recommending that the Court deny Defendants' motion for summary judgment.  (Dkt. 78 at 1.)  Defendants filed timely objections to the R&R on May 19, (Dkt. 80), and Brown responded on June 9, (Dkt. 81).[3]

## II.    Standard of Review

### A.  Objections to Report and Recommendation

Where a dispositive motion has been referred to a magistrate judge, the magistrate judge submits "proposed findings of fact and recommendations for the disposition" of the motion.  28 U.S.C. § 636(b)(1)(B).  The district court must then review *de novo* any portion of the magistrate judge's report and recommendation to which a proper objection has been made.  Fed. R. Civ. P. 72(b)(3); *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).  A proper objection means that the party has objected "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Upon review, the district court "may accept, reject, or modify the

---

[3] Brown's response to Defendants' R&R objections also included a request for the Court to "move to demand $750,000 or an amount justified . . . ."  (Dkt. 81.)  But the "entire purpose of a reply" is for the moving party "to reply to counterpoints made by its opponent in the opposition."  *Adams v. Applied Bus. Servs.*, No. 2:18-cv-559, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019) (internal quotation marks and brackets omitted).  Defendants moved for summary judgment on the issue of liability, not recovery amount.  (Dkts. 71, 80.)  Thus, the response to Defendants' R&R objections is not the proper place for Brown to raise the issue of damages.

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Additionally, the Supreme Court instructs courts to liberally construe *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This includes *pro se* objections to a magistrate's recommendation, where "district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61.

### B. Rule 56 Motion for Summary Judgment

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (quoting *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should only grant summary judgment if "no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). When ruling on a motion for summary judgment, the court considers "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits" filed by the parties. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.    Analysis

### A.  Choice of Law

"A federal court resolving a diversity action is, absent a controlling constitutional provision or act of Congress, obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules."[4]  *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 418–19 (4th Cir. 2004) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "Virginia applies the *lex loci delicti*, the law of the place of the wrong, to tort actions." *Milton v. IIT Rsch. Inst.*, 138 F.3d 519, 521 (4th Cir. 1998); *McMillan v. McMillan*, 219 Va. 1127, 1128 (1979) (affirming *lex loci delicti* as the settled rule in Virginia).  "Thus, Virginia's choice of law rule selects the law of the state in which the wrongful act took place, wherever the effects of that act are felt." *Milton*, 138 F.3d at 522.  In this case, the motor vehicle accident took place in Virginia.  (*See* Police Report.)  Thus, the court will apply Virginia law.

### B. Summary Judgment

Defendants move for summary judgment on an affirmative defense of illegality.  They claim that Brown violated a Virginia regulation by parking his car at the rest stop "overnight," which constitutes a misdemeanor.  (Defs.' Br. at 3); *see* 24 Va. Admin. Code § 30-50-10(D) ("No overnight parking will be permitted.").  Defendants object to Judge Hoppe's application of the illegality defense, his interpretation of the regulation at issue, and his proximate cause analysis.  (*See* Defs.' R&R Objs. at 2–4 (Dkt. 80).)

---

[4] This case is before the court on federal diversity grounds.  *See* 28 U.S.C. § 1332; (Dkt. 1 at 2).  Brown is a citizen of Georgia, (*see* Dkt. 1 at 1), Defendants are citizens of Massachusetts, (*see id.* at 2), and Brown alleges damages of over $75,000, (Am. Compl. at 3).

The illegality defense is based on the view that "no one should profit from his illegal act." *Williams v. Harrison*, 497 S.E.2d 467, 470 (Va. 1998).  Thus, the defense "bar[s] recovery if the evidence shows that the plaintiff freely and voluntarily consented to participation in the commission of the illegal act, without duress or coercion," *Lee v. Nationwide Mut. Ins. Co.*, 497 S.E.2d 328, 329 (Va. 1998), and such participation "was a proximate cause of his claimed injuries," *Harris v. Howard*, 913 S.E.2d 290, 294 (Va. 2025).  As with other defenses, the party raising the defense has the burden to establish it.  *Lee*, 497 S.E.2d at 329.  Thus, to successfully move for summary judgment on an illegality defense, Defendants must show the absence of a genuine dispute for two elements: (1) Brown voluntarily parked his car at the rest stop "overnight"; and (2) the "overnight parking" was a proximate cause of Brown's alleged injuries.  Since Defendants failed to meet their burden for either element, summary judgment is improper.

1. "Overnight Parking"

Defendants fail to show that Brown's car was parked "overnight" as a matter of law. Defendants argue Brown violated a Virginia regulation that prohibits "overnight parking" at rest stops.  (Defs.' Br. at 3); 24 Va. Admin. Code § 30-50-10(D).  It is not in dispute that Brown parked his car in a designated space of the Cars Only lot of the rest stop around 9:30 p.m. and proceeded to sleep in the back seat until roughly 1:30 a.m. the next day, when he was awoken by the impact of Phanor's tractor trailer.  However, what defines "overnight" for the purpose of violating the regulation *is* in dispute.  The regulation itself does not define the term

"overnight" and so the court will apply the word's "common and ordinary" meaning. *Mapoy v. Carroll*, 185 F.3d 224, 229 (4th Cir. 1999) (internal quotation marks omitted).

Defendants point to the Cambridge and Oxford Dictionaries, which define "overnight" as "for or during the night," and "during or for the night," respectively. (*See* Defs.' R&R Objs. at 3.) Defendants argue that these definitions "do not place a number of hours on overnight activity but simply assign the activity to occurring during the night." (*Id.*) But Merriam-Webster defines "overnight" as "for or during the *entire* night." *Overnight,* Merriam-Webster Dictionary, https://www.merriam-webster.com/simple/overnight [https://perma.cc/9S9L-X3DV] (last visited June 25, 2026) (emphasis added). Furthermore, "night" is defined as "the time of darkness between one day and the next" or "the part of the day when no light from the sun can be seen." *Night*, Merriam-Webster Dictionary, https://www.merriam-webster.com/simple/night [https://perma.cc/72M9-9N6U] (last visited June 25, 2026). Applying these definitions, a reasonable jury could conclude that the regulation meant that Brown could not park at the rest stop for the *entire night.* And given that Brown was only parked at the rest stop from 9:30 p.m. to 1:30 a.m. the next day, a reasonable jury could conclude that Brown was not in fact there for the entire night, but only *during* the night. Moreover, the evidence on record that the rest stop is open 24 hours a day and that the parking spot lacked a posted time limit could support such a jury conclusion. (*See* Defs.' R&R Objs. ¶¶ 2, 4.)

The Court need not resolve which definition to adopt for purposes of this summary judgment motion. Rather, the Court needs only to decide that a genuine dispute as to a

material fact exists.  *See* Fed. R. Civ. P. 56(a).  It is not for this Court to substitute its judgment for that of the jury where reasonable minds might differ over conclusions in weighing the evidence.  *Dixon v. Va. Ry. Co.*, 250 F.2d 460, 462 (4th Cir. 1957).  Defendants have failed to carry their burden that no reasonable jury could find "overnight" to mean for the *entire* night, thus absolving Brown of any violation.  Therefore, the meaning of the term "overnight" in the regulation is in genuine dispute and resolving this issue as a matter of law is improper.

    2.  Causation

Defendants fail to show the absence of a genuine dispute that Brown's purported violation of the parking regulation was the proximate cause of the accident.  The Supreme Court of Virginia has explained that the illegality defense "does not preclude one who commits a criminal act from all potential tort recoveries; it bars recovery for injuries that were caused by the criminal act."  *Harris*, 913 S.E.2d at 293.  Thus, for the defense to be successful, "a causal relationship must be established between participation in the illegal act and the injuries or damage claimed."  *Johnson v. Campbell*, 521 S.E.2d 764, 766 (Va. 1999).  In other words, "the illegal act must be a proximate cause of the injuries claimed."  *Harris*, 913 S.E.2d at 294.

"Whether there is causal connection between a defendant's negligence and a plaintiff's injuries is usually a question for the jury.  It is only when men of reasonable minds may not fairly differ on the proper inferences to be drawn from the facts proved that it becomes a question of law for the court."  *Edgerton v. Norfolk S. Bus Corp.,* 47 S.E.2d 409, 415 (Va. 1948).  With proximate cause "[t]here is no yardstick by which every case may be measured and fitted into its proper place."  *Scott v. Simms*, 51 S.E.2d 250, 253 (Va. 1949).  Rather, proximate

- 9 -

cause is to be determined by "mixed considerations of logic, common sense, justice, policy and precedent." *Id.*

Defendants argue that "but for Plaintiff's illegal act of parking overnight at the rest stop, in which he was engaged at the time of the collision, the accident would not have occurred." (Defs.' R&R Objs. at 4.)  However, it is not enough that Brown's actions were a cause of the accident, it must be Brown's *illegal* actions that were a cause of the accident.  *See Johnson*, 521 S.E.2d at 766 ("[B]efore the defense can be successful, a causal relationship must be established between participation in the illegal act and the injuries or damage claimed."). In this case, Defendants fail to establish that Brown's purportedly *illegal* parking was a cause of the accident and Brown's resulting injuries.  Thus, there is at least a genuine dispute over whether Brown's purported violation of the regulation was a "but for," or cause-in-fact, of his injuries.

Further, even if Defendants had successfully alleged that Brown's conduct was a cause-in-fact of the accident, the Virginia Supreme Court considers cause-in-fact to only be "a subset of proximate cause." *Ford Motor Co. v. Boomer*, 736 S.E.2d 724, 728 n.2 (Va. 2013).  For liability to attach, there must be "a demonstration of both but-for *and* proximate causation." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (emphasis added).  Even if Brown did violate the overnight parking regulation, the court finds at least a genuine dispute exists as to whether the violation was a proximate cause of the accident.

The Virginia Supreme Court has defined proximate cause of an event as "that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening

cause, produces the event, and without which that event would not have occurred." *Wells v. Whitaker*, 151 S.E.2d 422, 428 (Va. 1966). Proximate cause is established when the injury "ought to have been foreseen in the light of the attending circumstances." *Scott*, 51 S.E.2d at 253 (quoting *Milwaukee & St. Paul Ry. Co. v. Kellogg*, 94 U.S. 469, 475 (1876)). Here, there is no dispute that Brown's car was parked in a designated parking spot within the Cars Only lot of the rest stop. Brown did not ignore any posted safety signs, and his car was not extending beyond any pavement markings or obstructing any traffic such that "an ordinary, careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from" parking that way. *Cox v. Mabe,* 204 S.E.2d 253, 256 (Va. 1974).

Moreover, Phanor's alleged negligence could be found to be a superseding cause in the chain of events leading to the accident. A superseding cause is "an intervening act that severs the potential link of proximate causation between an initial act of negligence and the resulting harm, thereby relieving the initial negligent actor of any liability." *Fletcher v. Pizza Hut of Am., Inc.,* 406 F. App'x 785, 789 (4th Cir. 2011). To be a superseding cause, the Defendants' negligence "must so entirely supersede the operation of [Brown's] negligence, that it alone, without [Brown's] contributing negligence thereto in the slightest degree, produces the injury." *Savage Truck Line v. Traylor*, 69 S.E.2d 478, 482 (Va. 1952). Phanor ignored posted traffic control signs, drove his trailer tractor into a designated Cars Only parking lot, and rear-ended Brown's parked car. (Police Report at 2–5.) And the police report found Brown took "no improper action" leading to the crash. (Police Report at 1). Thus, a reasonable jury could conclude that Phanor's negligence superseded Brown's alleged contributing negligence.

Defendants failed to show an absence of genuine dispute over whether Brown's purportedly illegal parking caused the accident in question, and thus, Brown cannot be denied recovery as a matter of law.

## IV.    Conclusion

For these reasons, the court will overrule Defendants' objections, (Dkt. 80), and adopt the R&R, (Dkt. 78), in its entirety. Defendants' motion for summary judgment will be denied.

An appropriate Order will issue.

**ENTERED** this 16th day of July, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE